UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALGONQUIN POWER INCOME FUND;
ALGONQUIN POWER CORPORATION, INC;
ALGONQUIN POWER U.S. HOLDINGS, INC.;
ALGONQUIN POWER FUND (CANADA), INC.;
and ALGONQUIN POWER SYSTEMS, INC.;

        Adversary Defendants-Appellants,

 -v-                     6:07-CV-1258

CHRISTINE FALLS OF NEW YORK, INC.
and TRAFALGAR POWER INC.,

        Adversary Plaintiffs-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:          OF COUNSEL:

MENTER RUDIN & TRIVELPIECE    JEFFREY A. DOVE, ESQ.
Attorneys for Algonquin Power Parties  JAMES C. THOMAN, ESQ.
308 Maltbie Street Suite 200
Syracuse, New York 13204-1498

HARRIS BEACH PLLC        PAUL J. YESAWICH, III, ESQ.
Attorneys for Trafalgar Power Parties  LAURA W. SMALLEY, ESQ.
99 Garnsey Road
Pittsford, New York 14534

HARRIS BEACH PLLC        DAVID M. CAPRIOTTI, ESQ.
Attorneys for Trafalgar Power Parties
300 South State Street
Syracuse, New York 13202


DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

Christine Falls of New York, Inc. and Trafalgar Power, Inc. (collectively "Trafalgar"), debtors in bankruptcy, filed an Adversary Complaint against the Algonquin entities listed in the caption (collectively "Algonquin") seeking a declaration that Algonquin does not hold a security interest in escrowed proceeds of an engineering malpractice judgment ("malpractice judgment") received by Trafalgar.  On October 30, 2007, Hon. Stephen D. Gerling, Chief United States Bankruptcy Judge for the Northern District of New York, issued a Memorandum-Decision, Findings of Fact, Conclusions of Law and Order (the "October 30 Order ") granting Trafalgar's motion for summary judgment and denying Algonquin's motion for summary judgment.

Algonquin appeals the October 30 Order in its entirety.  Trafalgar opposes.  The appeal was taken on submission without oral argument.

**II. STANDARD OF REVIEW**

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law.  In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R. Bankr. P. 8013.

### III. **DISCUSSION**

The October 30 Order was based upon the finding that a determination by Hon. Neal P. McCurn, United States District Judge, on August 21, 2000, ("McCurn Decision")[1] had preclusive effect and therefore was determinative of the issue on the motions.[2] This conclusion of law is subject to *de novo* review.

In Civil Action No. 00-CV-1246, Algonquin brought a motion for a preliminary injunction and an order of attachment precluding Trafalgar from assigning the malpractice judgment to an affiliate. In ruling on Algonquin's motion, Judge McCurn determined that Algonquin did not have a security interest in the malpractice judgment. Algonquin's motion for a preliminary injunction was granted, and the request for an order of attachment was denied.

The preliminary injunction prevented Trafalgar from assigning or otherwise disposing of the malpractice judgment proceeds. Trafalgar filed for bankruptcy protection pursuant to Chapter 11 on August 27, 2001, with the U.S. Bankruptcy Court for the Eastern District of North Carolina. The bankruptcy cases were transferred to this District on December 13, 2001. On May 22, 2002, Judge McCurn so ordered a stipulation dissolving the preliminary injunction and directing that the funds be escrowed and, with limited specified exceptions, disbursements be made from the funds only with an Order from the Bankruptcy

---

[1] It is noted that a magistrate judge issued proposed findings of fact and recommendation to the District Court. The parties filed several objections to the report and recommendation; therefore, Judge McCurn undertook a *de novo* review of the motion. See Fed. R. Civ. P. 72(b).
The McCurn Decision is reported at 131 F. Supp. 2d 341 (N.D.N.Y. 2001).

[2] The October 30 Order additionally addressed Algonquin's substantive arguments as to why it held a security interest in the malpractice judgment, concluding that none of the arguments provided a basis to find that Algonquin held a valid interest. It is unnecessary to address these substantive arguments, as the preclusion issue is determinative of this appeal.

Court. The proceeds of the malpractice judgment remain on deposit in an escrow account subject to the jurisdiction of the Bankruptcy Court.

The threshold question on this appeal is whether the McCurn Decision, made on motion for preliminary injunction, precludes relitigation of the issue of whether Algonquin did or did not have a security interest in the malpractice judgment.

Ordinarily findings made when ruling on a preliminary injunction motion are not binding on subsequent proceedings because, as its moniker indicates, it is preliminary to an anticipated full hearing on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395-96, 101 S. Ct. 1830, 1834 (1981); Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 273-74 (2d Cir. 1992). This is so because of the principle that only "final" judgments are conclusive. Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 89 (2d Cir. 1961). However, where a matter is actually litigated the determination may be conclusive although "not 'final' in the sense of 28 U.S.C. § 1291." Id. A ruling in such a matter may be conclusive if "it was not avowedly tentative," the hearing was adequate, and there was an opportunity for review of the ruling. Id. In other words, a ruling can be considered "final" when "the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." Id. The following factors are informative in determining whether to give preclusive effect to a prior provisional ruling: (1) whether the ruling was made "after extensive hearing and briefing consolidated with trial on the merits;" and (2) whether the party seeking to avoid preclusion was the party that "chose the original litigation forum;" and "instituted the preliminary relief application, and had, therefore a full opportunity to present all crucial evidence and witnesses." Don King Prods., Inc. v. Douglas, 742 F. Supp. 741, 754-55 (S.D.N.Y. 1990).

In this case, although there was no evidentiary hearing, it is clear that the McCurn Decision regarding no security interest was based upon undisputed facts. See 131 F. Supp. 2d at 348. Moreover, Algonquin conceded that there were no material issues of fact in the summary judgment motions that led to the October 30 Order. (Appellants' R. on Appeal Rev'd Tr. of 6/26/07 Hr'g at 8, 48-49, Doc. No. 8-8.) Because there were no issues of fact, an evidentiary hearing was unnecessary in any event. The decision was not appealed; however, the parties had opportunity for extensive argument upon objections to the magistrate judge's report and recommendation. Thus, the hearing on the matter was adequate. Further, Algonquin obtained at least part of the relief it sought and therefore had no interest in appealing the decision. Id. at 25.

Additionally, Algonquin, the party now seeking to avoid preclusion, was the party that originally filed the lawsuit in this, its choice of forum, and instituted the application for provisional relief. Algonquin had a full opportunity to present what it felt was its best evidence and arguments in support of its application for preliminary relief.

Algonquin makes much of the phrase "at this time" in the McCurn Decision, asserting that use of that terminology demonstrated that the decision was tentative and therefore ought not to be considered final for the purposes of preclusion. The sentence at issue reads:

> In light of the court's *de novo* determination that Algonquin cannot show a probability of success on the merits of its conversion claim, and that its section 273 and 276 claims do no support an order of attachment under CPLR § 6201 at this time, it is unnecessary to review the Magistrate Judge's additional findings with respect to the remaining elements necessary for that provisional relief.

131 F. Supp. 2d at 349.  The introductory phrase starts: "In light of the court's *de novo* determination" then goes on to describe two parts of its determination.  The first part is: "that Algonquin cannot show a probability of success on the merits of its conversion claim."  The second part is "that its section 273 and 276 claims do not support an order of attachment . . . at this time."  Tellingly, the first and second parts of the determination upon which the conclusion rests are separated by a comma.  "At this time" modifies only the second part of the determination--that an order of attachment based upon section 273 and 276 claims is not supported at this time.  This reading of the sentence at issue is supported by the court's previous analysis.  In summing up the first part of its analysis, the court stated unequivocally that "Algonquin cannot show an immediate right of possession to TPI's tort judgment[3] and, thus, fails to show a probability of success on the merits of its conversion claim." Id. at 348-49.  However, it states that it is doubtful that the section 273 and 276 claims "independently support an order of attachment . . . at this stage in the litigation." Id. at 349 (emphasis added).  Further, also in reference to the section 273 and 276 claims, the court notes that the claims are unmatured and thus do not warrant an order of attachment, whereas once the claims mature an order of attachment may be warranted. Id. at 349 & n.9.

Algonquin also points to an April 23, 2001, decision in which the following phrases were used: "pending a determination on the merits on the parties' various claims"; "even if Algonquin has a potential property interest in the tort judgment proceeds"; and "Algonquin urges the court to leave the tort judgment undisturbed until a final decision and judgment is

---

[3] The conclusion that Algonquin could not demonstrate a superior right of possession was based upon the language of the Trust Indenture and article 9 of the Uniform Commercial Code to conclude that Algonquin did not have a security interest in the malpractice judgment. Id. at 348-49.

reached on the merits in the underlying action." Algonquin argues that these phrases demonstrate the court and the parties' view that the McCurn Decision was not "practically final." When taken out of context, these statements do appear to be as Algonquin argues. However, in context, they do not undermine the finding that the McCurn Decision regarding lack of a security interest in the malpractice judgment be given preclusive effect. First, "the merits on the parties' various claims" could very well have meant not only the claims in 00-CV-1246 but the underlying claims in the 99-CV-1238 action. Furthermore, the Debtor and Creditor Law claims in 00-CV-1246 were not resolved, as previously noted, at that stage of the litigation. The McCurn Decision expressly recognized that if Algonquin were successful on claims in 99-CV-1238, its Debtor and Creditor Law claims would have matured, possibly entitling it to an order of attachment on the malpractice judgment. See 131 F. Supp. 2d at 349. The "potential property interest in the" malpractice judgment language again recognizes this possible eventuality. Finally, the "underlying claims" referenced in Algonquin's argument for denying Trafalgar's motion to permit it to disburse funds from the malpractice judgment to pay its expenses incurred in the malpractice action must have been the claims in 99-CV-1238, since the claims in 00-CV-1246 relate only to the allegedly fraudulent assignment of the malpractice judgment to a Trafalgar affiliate.

   The McCurn Decision finding that Algonquin does not have a security interest in the malpractice judgment was not tentative on this point. Moreover, no good reason appears for permitting the issue to be relitigated. See Lummus Co., 297 F.2d at 89. The McCurn Decision on this issue may be treated as final and therefore precludes Algonquin from relitigating the issue.

**IV. CONCLUSION**

Based upon a *de novo* review, the finding set forth in the McCurn Decision that Algonquin does not have a security interest in the malpractice judgement may be considered final. Thus, Algonquin is precluded from relitigating that issue. Given this determination, it is unnecessary to address Algonquin's additional substantive arguments to the contrary.

Accordingly, it is

ORDERED that the October 30, 2007, decision of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 6, 2008
        Utica, New York.