UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ALGONQUIN POWER INCOME FUND;
ALGONQUIN POWER CORPORATION, INC;
ALGONQUIN POWER U.S. HOLDINGS, INC.;
ALGONQUIN POWER FUND (CANADA), INC.;
and ALGONQUIN POWER SYSTEMS, INC.;

                            Adversary Defendants-Appellants,

    -v-                                                     6:07-CV-1258

CHRISTINE FALLS OF NEW YORK, INC.
and TRAFALGAR POWER INC.,

                            Adversary Plaintiffs-Appellees.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MENTER RUDIN & TRIVELPIECE<br>Attorneys for Algonquin Power Parties<br>308 Maltbie Street Suite 200<br>Syracuse, New York 13204-1498 | JEFFREY A. DOVE, ESQ.<br>JAMES C. THOMAN, ESQ. |
| HARRIS BEACH PLLC<br>Attorneys for Trafalgar Power Parties<br>99 Garnsey Road<br>Pittsford, New York 14534 | PAUL J. YESAWICH, III, ESQ.<br>LAURA W. SMALLEY, ESQ. |
| HARRIS BEACH PLLC<br>Attorneys for Trafalgar Power Parties<br>300 South State Street<br>Syracuse, New York 13202 | DAVID M. CAPRIOTTI, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

       On January 20, 2010, the United States Court of Appeals for the Second Circuit

issued a decision vacating and remanding this matter. Algonquin Power Income Fund v.

Christine Falls of N.Y., Inc., No. 08-6026, 2010 WL 177244 (2d Cir. Jan. 20, 2010) (summary order), vacating & remanding 396 B.R. 106 (N.D.N.Y. Nov. 7, 2008).  The Court of Appeals found that it was erroneous to apply the doctrine of collateral estoppel with regard to claims which the Algonquin entities listed in the caption (collectively "Algonquin") made against the proceeds of an engineering malpractice judgment ("malpractice judgment") received by Christine Falls of New York, Inc. and Trafalgar Power, Inc., debtors in bankruptcy (collectively "Trafalgar").  Id. at *5.  Rather, the Court of Appeals directed that the merits of Algonquin's claim of a security interest in the malpractice judgment proceeds held by Trafalgar be considered.  Id.

The Mandate issued on March 16, 2010, and was filed in the Northern District of New York on March 23, 2010.  In accordance with the directive of the Second Circuit, the Judgment entered on November 6, 2008, will be vacated.  Decision after consideration of the merits as directed by the Court of Appeals is reserved.

Accordingly it is

ORDERED that the judgment entered on November 6, 2008, is VACATED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 30, 2010
       Utica, New York.